**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

TERRANCE J. KEMP,

                            Plaintiff,

      - v -                                  Civ. No. 1:19-CV-612
                                                        (DNH/DJS)

CSX TRANSPORTATION,

                            Defendant.
_____

**APPEARANCES:**                             **OF COUNSEL:**

KELLER & GOGGIN, P.C.                 VOCI R. BENNETT, ESQ.
Attorney for Plaintiff
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

NIXON, PEABODY LAW FIRM           ANDREW C. ROSE, ESQ.
Attorney for Defendant
677 Broadway, 10th Floor
Albany, New York 12207

BURNS WHITE LLC                        T.H. LYDA, ESQ.
Attorney for Defendant                     DAVID R. CHLUDZINSKI, ESQ
48 26th Street
Burns White Center
Pittsburgh, PA 15222

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

      Presently before the Court is a Letter-Motion of the Plaintiff to Compel Responses to

Discovery Demands and to resolve a dispute regarding depositions of corporate

representatives of Defendant CSX. Dkt. No. 32. Defense counsel has responded to Plaintiff's claim and, in turn, raised its own discovery issues. Dkt. No. 33. An on-the-record telephone conference was held on October 14, 2020, wherein all parties appeared and had a full opportunity to present their respective positions on the pending Letter-Motions, as well as other discovery issues. At the close of argument I issued a decision on the record, in which, after applying the requisite legal standards, I **denied in part and granted in part** the Motions pending before the Court. I also provided further detail regarding my reasoning and addressed the specific issues raised by the parties. A summary of the holdings made by the Court are as follows:

In connection with the first issue under Rule 30(b)(6), the Court declines to direct defense counsel to produce a witness for each of the twelve (12) separate areas identified by the Plaintiff. Those areas include, but are not limited to, a witness regarding inspection and repairs of the locomotive; safety requirements for the locomotive; "all facts, witnesses, and documents on which Defendant bases the denials found in its Answer to the Complaint"; Defendant's position and/or opinion as to how it was that Plaintiff was injured, if at all; how it was that Plaintiff was to perform his assigned task; and the factual findings made by Defendant concerning the condition of the locomotive stairs where Plaintiff is alleged to have fallen. Dkt. No. 32-2. In response, the Defendant has identified and agreed to produce a Corporate witness for bullet points 5 & 6, dealing with safety requirements, and reporting and inspection requirements. Dkt. No. 33 at p. 2. Further, depositions have been or will be

conducted regarding individuals who have factual information regarding the condition of the steps after the accident. Defendant's counsel notes that it did not own the locomotive, and would have no knowledge of its prior maintenance.

"Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." *Reilly v. NatWest Markets Grp., Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). The topics outlined for deposition must be "relevant to any party's claim or defense." *Bigsby v. Barclays Capital Real Estate, Inc.*, 329 F.R.D. 78, 80 (S.D.N.Y. 2019) (citing FED. R. CIV. P. 26(b)(1)). As with "other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26 - deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.'" *Id.* at 81 (citing *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, N.A.*, 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017)). Even in situations where "information may be relevant, the court must still balance a plaintiff's need for the information against a defendant's interest in not being required to produce responses to overly burdensome requests for evidence which may have little relevant value to the claims. In other words, the court must still evaluate the basis for the plaintiff's request and make a determination of whether the material is relevant to the claims or likely to lead to relevant material." *Pratt v. Indian River Cent. Sch. Dist.*, 2012 WL 13172930, at *3 (N.D.N.Y. Nov. 5, 2012). Federal Rule of Civil Procedure 26 provides that a court "must

limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C). In making such a determination, the Court must consider, *inter alia*, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

Therefore, a court may properly deny 30(b)(6) deposition requests that are unduly burdensome, particularly where preparation for the depositions is likely to be costly, the potential benefit to the plaintiff is low, and more convenient, less costly, and less burdensome options exist. *See Sahu v. Union Carbide Corp.*, 528 Fed. Appx. 96, 103 (2d Cir. 2013); *see also Jasco Tools, Inc., v. Dana Corp.*, 574 F.3d 129, 150 (2d Cir. 2009) ("A court plainly has discretion to reject a request for discovery if the evidence sought would be cumulative or if the request is based only on speculation as to what potentially could be discovered…"). Moreover, where the primary purpose of the testimony sought is to elicit testimony of an un-retained expert, the use of a deposition is inappropriate. *See Cannon v. Corr. Med. Care, Inc.*, 2017 WL 2790531, at *5 (N.D.N.Y. June 27, 2017) ("Testimony regarding whether there has been a deviation from accepted medical standards is quintessentially expert in nature.").

Considering the circumstances identified at the discovery hearing, the Court concludes

that the appropriate course of action is to complete the depositions of the fact witnesses and the Corporate representatives identified to date. Accordingly, the Plaintiff's Motion to Compel additional witnesses is denied at this time. If, after completion of the now scheduled depositions, the Plaintiff can identify a need for additional 30(b)(6) witnesses, the Court will consider that request.

Next, the Plaintiff has requested production of certain documentation, including the Master Run-Through Agreement. Defense counsel is willing to produce that agreement and other information, but requests that such disclosure be made pursuant to a protective order in light of the sensitive nature of the documentation. While the Plaintiff's counsel objects, the Court views the issuance of a protective order as appropriate. Accordingly, the parties are to work together to prepare such an agreement for the Court to sign. If they are unable to reach an agreement, the Defendant can submit a proposal directly to the Court for its review.

Regarding the Interrogatory dispute, the Defendant is directed to supplement its response to Interrogatory # 4 to specifically indicate what information it either has, or does not have, that is responsive to this request.

In connection with certain of the Plaintiff's discovery demands, the Defendant produced a privilege log in connection with certain documents that it believes to be covered by either an attorney-client or work-product privilege. Defense counsel is directed to provide a copy of the documents at issue to the Court for an *in camera* review on or before October

28, 2020.

While the defense had several discovery issues that it identified to the Court prior to the conference, all have them have now been resolved with the exception of one: the request that Plaintiff produce his tax returns from 2012 to the present. Defendant maintains that it needs the returns to make a determination of the validity of Plaintiff's lost wage claim. It suspects or believes that Plaintiff has other sources of income of which it is not presently aware. Plaintiff objects to production of the tax returns, as he files them jointly with his fiancé, and there is private information contained therein. This issue was specifically addressed in the employment discrimination case of *Carmody v. Village of Rockville Centre*, 2007 WL 2042807, at *1 (E.D.N.Y. July 13, 2007), and the court noted that "[a]lthough income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" *See id.* at *2 (internal citation omitted). Therefore, in order to compel the disclosure of income tax returns, a two-part test must be satisfied. *Id.* First, "the returns must be relevant to the subject matter of the action," and second, "there must be a compelling need for the returns because the information is not 'otherwise readily obtainable.'" *Id.* (internal citation omitted). The party seeking discovery of the tax returns generally bears both the burden of demonstrating relevancy, and establishing a compelling need for the information. *See id.*

In *Carmody*, the court held that the first prong of the test was met because plaintiff was self-employed during the relevant time period, had advanced claims alleging loss of income, and his federal income tax returns would be a reliable source of his income information and therefore relevant to the issue of damages. *Id.* at *2. The second prong of the test required the defendants to demonstrate a compelling need for the tax returns themselves, a burden which the *Carmody* court found was not met. *Id.* at *3. There was no evidence to indicate that defendants had attempted to obtain the requested information through any other, less intrusive discovery devices. Although plaintiff's counsel did not suggest any alternative sources for the information, plaintiff had provided W-2s and unemployment earning statements, as well as a statement indicating there were no other earning statements available. *Id*. Other courts have also held that disclosure of W-2 and wage statements "generally provide sufficient information to assess damages arising from loss of employment income." *See Eckert v. United Automobile Workers*, 2006 WL 8455725, at *5 (W.D.N.Y. June 12, 2006).

In light of the foregoing, if he has not already done so, the Plaintiff is directed to immediately provide to the Defendant's counsel all relevant non-tax return documents that relate to, or identify, any income received by him since the time of the accident including, but not limited to, W-2 forms; 1099 forms; wage statements; and disability or unemployment payments. The Defendant's request for Plaintiff's tax returns is denied without prejudice to renew if the above stated production is somehow insufficient.

Finally, at the discovery conference Plaintiff's counsel indicated his intent to call certain experts at trial, but acknowledged that they had not yet been disclosed. At the request of Plaintiff's counsel, therefore, the Court hereby extends the discovery deadlines one final time. Pursuant to that extension, the end date for all discovery shall be February 26, 2021. Plaintiff's expert disclosure shall be made on or before December 11, 2020. The Defendant's expert disclosure shall be due on January 25, 2021. All expert disclosure, including expert depositions, shall be completed by February 26, 2021. The deadline for filing dispositive motions remains April 19, 2021.

The parties are directed once again to work together to finalize discovery in this case, and to exercise good faith and a reasonable spirit of accommodation to resolve discovery disputes prior to seeking this Court's intervention.

**WHEREFORE**, it is hereby

**ORDERED**, that the Plaintiff's Letter-Motion to Compel (Dkt. No. 32) and Defendant's Letter-Motion to Compel, are **granted in part and denied in part**, as set forth above; and it is further

**ORDERED**, that the deadline for discovery is extended until February 26, 2021, and expert disclosure shall be exchanged as set forth above; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this order upon the parties to this action.

**SO ORDERED**.

Date: October 23, 2020
    Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge