**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TERRANCE J. KEMP,

                         Plaintiff,

       - v -                        Civ. No. 1:19-CV-612
                                       (DNH/DJS)

CSX TRANSPORTATION,

                         Defendant.

**APPEARANCES:**                       **OF COUNSEL:**

KELLER & GOGGIN, P.C.          VOCI R. BENNETT, ESQ.
Attorney for Plaintiff
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

NIXON PEABODY LLP           ANDREW C. ROSE, ESQ.
Attorney for Defendant
677 Broadway, 10th Floor
Albany, New York 12207

BURNS WHITE LLC             T.H. LYDA, ESQ.
Attorney for Defendant         DAVID R. CHLUDZINSKI,
48 26th Street                       ESQ.
Burns White Center
Pittsburgh, PA 15222

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

In response to the Plaintiff's First Supplemental Request for Production of

Documents, in which Plaintiff requested all correspondence between CSX Transportation

and Canadian National Railway Company ("Canadian National") regarding the condition

of locomotive 2521, the instrumentality of the Plaintiff's injury, Defendant provided 27 pages of responsive emails sent prior to the initiation of litigation, but withheld three documents sent to, or received from, Canadian National in September and October of 2019, months after this personal injury lawsuit was filed.   Dkt. Nos. 32, 32-1, & 39.   In resisting disclosure, Defendant asserts a work product privilege and has provided to Plaintiff's counsel an appropriate privilege log. Dkt. No. 32-1 at p. 8.   Plaintiff maintains that the work product privilege does not apply and has asked the Court to compel production of the disputed documents. Dkt. No. 32.  In considering the request, this Court directed that the documents at issue be provided to chambers for an *in camera* review. Dkt. No. 36.   That review is now complete, and for the reasons that follow Plaintiff's request for production of the identified documents is DENIED.

## I.  LEGAL STANDARD

The work product doctrine is designed to promote the adversarial system of justice by establishing a "zone of privacy" in which a lawyer can prepare and develop litigation strategies and theories free from unnecessary intrusion by his or her adversaries.  *U.S. v. Adlman*, 68 F.3d 1495, 1501 (2d Cir. 1995) (citing *Hickman v. Taylor*, 329 U.S. 495, 516 (1947)); *see also NXIVM Corp. v. O'Hara*, 241 F.R.D. 109, 127 (N.D.N.Y. 2007).  The Federal Rules provide a relevant rule on the discovery of work product material. It reads in part:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule

26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

FED. R. CIV. P. 26(b)(3)(A). It further provides that "[i]f the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." FED. R. CIV. P. 26(b)(3)(B).

Not every document generated by an attorney constitutes work product. The party asserting work-product protection must demonstrate that the material at issue "(1) [is] a document or a tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by his representative." *Allied Irish Banks, P.L.C. v. Bank of Am., N.A.*, 252 F.R.D. 163, 173 (S.D.N.Y. 2008). Further, and as noted by Magistrate Judge Treece in the *NXIVM* case,

> the work product doctrine classifies documents into two categories: "non-opinion" work product and "opinion" work product. The distinction between these two categories turns on the effort employed in obtaining disclosure pursuant to Rule 26(b)(3). For "non-opinion" work product, the party seeking this information must show a substantial need for the document and undue hardship to acquire the document or its substantial equivalent by other means. On the other hand, "opinion" work product requires a higher protection to the extent that the requesting party has to demonstrate extraordinary justification before the court will permit its release. At a minimum, such "opinion" work product should remain protected until and unless a highly persuasive showing is made.

*NXIVM Corp. v. O'Hara*, 241 F.R.D. at 127 (internal citations omitted).

## II. DISCUSSION

The three documents at issue in this case are relatively straightforward. The first is a letter sent by CSX Risk Management to Canadian National, seeking to tender the

Terrance Kemp case to them under the provisions of the Master Run-Through Agreement. In addition to a two-page narrative summary, that September 6, 2019 letter also includes four photographs; a copy of the Summons and Complaint; and a copy of the October 1, 2016 agreement between CSX Transportation and Canadian National Railway Company. In addition, counsel for Canadian National wrote two letters to CSX, one on September 26, 2019, indicating their receipt of the September 6, 2019 letter, and one on October 24, 2019, denying tender.  It is the Court's understanding that the photographs contained in the initial letter to Canadian National have already been provided to Plaintiff's counsel, and that the Master Run-Through Agreement has been supplied pursuant to a protective order.  Thus, the single issue in dispute involves Defendant's representatives' two-page summary, which includes an analysis of the case.

The Court's review first confirms that the letters in question were created by or for another party or the party's representative.  In this regard it is noted that CSX and Canadian National would have a unity of interest in defending against this claim.  Second, there is no question that the documents were generated not only in anticipation of litigation, but directly as a result of the litigation that had already been filed in Federal Court.  The letters in question are not inquiries sent in the ordinary course of business, but precisely because of a particular claim, and therefore the work product doctrine is applicable.  *E.g. Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp.*, 2002 WL 31729693, at *4 (S.D.N.Y. Dec. 5, 2002) (applying work product doctrine to documents "created after litigation has already commenced, when the claims handlers' work has plainly shifted from investigating the initial claim to assisting in the defense of the

4

pending litigation and evaluating litigation exposure"); *Chaiken v. VV Publ'g Corp.*, 1994 WL 652492, at *2 (S.D.N.Y. Nov. 18, 1994) (documents written by insured's attorney and sent to insurer were work product, where the documents concerned ongoing cases and included assessments by the attorney of the merits, legal strategy, and anticipated outcome of the cases); *R.R. Salvage of Conn., Inc. v. Japan Freight Consol. (U.S.A.) Inc.*, 97 F.R.D. 37, 41 (E.D.N.Y. 1983) (correspondence between an insured and its liability insurer, written "as a consequence of pending litigation for the purpose of mounting a defense to the claim" is entitled to work product protection).  Accordingly, the Second Circuit authority cited by Plaintiff's counsel in his letter brief, Dkt. No. 38 at p. 2, has no application to this matter.

Finally, Plaintiff's counsel has not established any compelling necessity for the documents in question.  It is clear that Plaintiff is seeking to ascertain what the Defendant's opinion is with regard to the pending litigation that he himself filed.  *See* Dkt. No. 38 at p. 2 ("It is but a shell game where CSX now tries to cloak its opinions in that of its attorneys.").  Not only are such opinions at the heart of the work product doctrine, but they are not even proportionally relevant to the needs of this case.  Discovery in this case needs to center on the actual condition of the railcar steps at issue, the potential negligence of the Defendant, and damages.  An inquiry centered on the view of a party regarding another party's allegations is simply a rabbit hole down which we do not need to travel.

### III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Letter-Motion to Compel production of the three letters identified in Defendant's privilege log (Dkt. No. 32) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this order upon the parties to this action.

**SO ORDERED**.

Date:   November 12, 2020
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge